In the Matter of the Estate of AARON FRANKLIN, Deceased.

Surrogate's Court, New York County, October 3, 1934.

*I. Allen Lieb*, for the plaintiff, respondent.

*Rose Helen Paders*, for the executors, defendants, petitioners.

DELEHANTY, S. The executors of deceased apply for the consent of this court to the making of an order by the Supreme Court transferring out of the latter court to this court an action pending in the Supreme Court against the executors to recover the sum of $2,800.

Letters testamentary were issued to petitioning executors on March 1, 1933. Plaintiff in the Supreme Court action filed with petitioners on March 13, 1933, a claim for $2,800 which she alleged to be due her by reason of the agreement of deceased to bequeath

her that amount in consideration of services rendered to deceased in his lifetime and of moneys expended on his behalf during his last illness. The executors rejected the claim on May 26, 1933.

On July 26, 1933, plaintiff instituted an action on her claim against the executors without serving a complaint. A notice of appearance was served by the executors. This was followed by the service of a complaint and an answer and issue was joined on August 13, 1933. No action has been taken since that date by plaintiff. No note of issue has been served and the action is not upon the calendar of the Supreme Court. On an application by defendants in the action for security for costs plaintiff therein made affidavit that she was unable to put the case on the calendar because she could not afford to pay the thirty-seven dollars necessary for filing a note of issue and paying the jury fee and the trial fee required in the Supreme Court.

On this application plaintiff in the Supreme Court action asserts that the court is without authority to consent to the transfer because the action outlined is one in equity and not in law. Her legal position is erroneous in this respect. (*Kenny* v. *Carroll*, 207 App. Div. 729; *Frankenberger* v. *Schneller*, 258 N. Y. 270.)

There are a great number of legatees named in the will, most of them receiving small legacies. The amount of the estate is such that the enforcement of this claim will necessitate abatement of the legacies. It follows that no distribution may be made until this claim is determined. The records of this court, however, do not disclose that any accounting proceeding is now pending. It follows that, though this action has had the practical result of halting the administration of the estate, there is no proceeding now pending in which the claim could be tried. For that reason consent to the transfer should not now be given.

The executors should proceed promptly to file their account and cause to be issued a citation for its settlement. Upon the coming in of such account and the issuance of such citation this application (which meantime is held in suspense) will be granted. If thereafter the Supreme Court shall determine to transfer the action to this court, it will upon such transfer be consolidated with the then pending accounting proceeding. The trial of the issue will enable then the prompt completion of estate administration. Proceed accordingly.